# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRAMM HATTINGH,** | : | **CIVIL ACTION NO. 1:09-CV-1088** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **DB REAL ESTATE ASSETS I, LLC,** | : | |
| Defendant | : | |

## ORDER

AND NOW, this 16th day of March, 2011, upon consideration of the Report and Recommendation of the Honorable J. Andrew Smyser (Doc. 43), recommending that defendant's motion for summary judgment (Doc. 27) be granted, and, following an independent review of the record and noting that plaintiff filed objections[1] to the report on March 1, 2011 (Doc. 44), and the court finding Judge Smyser's analysis to be thorough and well-reasoned, and the court finding plaintiff's objections to be without merit and squarely addressed by Judge Smyser's report, it is hereby ORDERED that:

---

[1] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

1. The report and recommendation of the Magistrate Judge Smyser (Doc. 43) are ADOPTED.[2]

2. Defendant's motion for summary judgment (Doc. 27) is GRANTED. The Clerk of Court is directed to enter Judgment in favor of defendant and against plaintiff.

3. The Clerk of Court is directed to CLOSE this case.

     S/ Christopher C. Conner
     CHRISTOPHER C. CONNER
     United States District Judge

---

[2]I note only a typographical error in the first full sentence of page 18 of the report, which states as follows: "DB considers this to be a necessary element of a Dunkin' Donuts shop with a drive-up window because some motorists will decline to exit the highway if a return to the highway is not easy and **not** time consuming." Clearly, Judge Smyser intended this sentence to read as follows: "DB considers this to be a necessary element of a Dunkin' Donuts shop with a drive-up window because some motorists will decline to exit the highway if a return to the highway is not easy and **is** time consuming."